# EXHIBIT "A"

## SPECIAL CIVIL PART SUMMONS AND RETURN OF SERVICE – FORM B - PAGE 2

**Plaintiff or Plaintiff's Attorney Information:**
Name:
Benjamin Nazmiyal Law Group , P.C
Address:
209 Main Street
Fort Lee, NJ, 07024

Telephone No.: (973) 693 - 5701

Leonardo Leon
_____, Plaintiff(s)
versus
Financial Recovery Services, Inc
_____, Defendant(s)

Demand Amount: $ 15000
Filing Fee. $ 50
Service Fee: $
Attorney's Fees: $
TOTAL $ 15050

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION, SPECIAL CIVIL PART**

ESSEX COUNTY
50 West Market Street
Newark, NJ 07102

(201) 795 - 6000

Docket No: _____
(to be provided by the court)

### Civil Action
### SUMMONS

(Circle one): ☒ Contract  or  ☐ Tort

**Defendant(s) Information: Name, Address & Phone:**

Financial Recovery Services, Inc
4900 Viking Drive, Edina, MN 55435

Date Served: _____

**RETURN OF SERVICE IF SERVED BY COURT OFFICER** (For Court Use Only)
Docket Number _____ Date _____ Time _____
WM ___ WF ___ BM ___ BF ___ OTHER ___
HT ___ WT ___ AGE ___ HAIR ___ MUSTACHE ___ BEARD ___ GLASSES ___
NAME _____ RELATIONSHIP _____
Description of Premises _____

I hereby certify the above to be true and accurate:

Court Officer

**RETURN OF SERVICE IF SERVED BY MAIL** (For Court Use Only)
I, _____, hereby certify that on _____, I mailed a copy of the within summons and complaint by regular and certified mail-return receipt requested.

BATCH # 514 FILED 5/29/12
CHECK/RECEIPT# 1166 AMT. 57

Employee Signature

Revised 09/1/2009, CN 10541-English (How to Sue for an Amount of Money up to $15,000)    Page 11 of 11
Revised 09/01/2007, CN 10534-English

FILED May 29, 2012

Benjamin Nazmiyal Law Group, P.C.
209 Main St.
Suite 3A
Fort Lee, NJ, 07024
(201) 379-5507 – Telephone
(201) 849-5407 – Facsimile
Attorneys for Plaintiff
    Leonardo Leon

## SUPERIOR COURT OF NEW JERSEY
## LAW DIVISION SPECIAL CIVIL PART
## ESSEX COUNTY

| | |
|---|---|
| Leonardo Leon,<br>Plaintiff<br><br>v.<br><br><br><br>Financial Recovery Services, Inc.,<br>Defendant(s). | Docket No. DC-013109-12<br><br>PLAINTIFF'S COMPLAINT |

Aryeh Pomerantz, Esq.



Plaintiff, complaining of Defendant(s), states as follows:

## COMPLAINT

### Introduction

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, *15 U.S.C § 1692, et seq* (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### Parties

2. Plaintiff, Leonardo Leon, is an adult residing in Essex County, New Jersey.

3. Defendant Financial Recovery Services, Inc. is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 4900 Viking Drive, Edina, MN 55435. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant is a "debt collector" as defined by *15 U.S.C. § 1692a(6)* of the FDCPA.

5. Plaintiff is a "consumer" as defined by *15 U.S.C § 1692a(3)* of the FDCPA.

### Factual Allegations

6. Financial Recovery Services, Inc. attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Citibank.

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

8. Plaintiff advised original creditor Citibank on June 02, 2010 that Plaintiff was represented by counsel and demanded that they cease and desist from all direct communications with Plaintiff.

9. Financial Recovery Services, Inc.'s employee Will called Plaintiff's counsel on or about Aug. 04, 2011 and attempted to collect the debt.

10. During this call, Financial Recovery Services, Inc. provided reference number EFI651 and phone number 888-411-4674.

11. During this call, Financial Recovery Services, Inc. acknowledged that when it received Plaintiff's file, included in the file was both the fact that Plaintiff was represented by counsel, as well as said counsel's contact information.

12. During this call, Financial Recovery Services, Inc. acknowledged that it had communicated directly with Plaintiff by mail on or about August 03, 2011.

13. The written notice required under FDCPA § 1692g was not sent within five days of the initial contact, as required by the FDCPA, and upon information and belief, at no time was such notice sent to Plaintiff.

14. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its

counsel. Nevertheless, Financial Recovery Services, Inc. continued to communicate directly with Plaintiff.

The FDCPA requires that "within five days after the initial communication with a consumer in connection with the collection of any debt, a "debt collector" must send the debtor a written validation notice containing certain information. 15 U.S.C. § 1692g (a). The notice must inform the debtor of the amount of the debt, the name of the creditor, and state that the debt will be assumed valid if the debtor does not dispute its validity within 30 days of the receipt of the notice. Id. § 1692g (a) (1)-(3). Furthermore, the notice must include a statement that if the debtor disputes the debt within 30 days of the notice, the debt collector will obtain and send the debtor verification of the debt and, upon written request, send the debtor the name and address of the current creditor, if different from the original creditor. Id. § 1692g (a) (4)-(5). Defendant failed to send the required notice within five days of the initial communication as required.

As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up $1,000, attorney's fees and costs.

Wherefore, Plaintiff respectfully submits that judgment in the sum of $13,000 be entered against Defendants for the following:

(a) That judgment be entered against Defendant for actual damages pursuant to *15 U S C. § 1692k(a)(1)*;

(b) That judgment be entered against Defendant for statutory damages pursuant to *15 U S C. § 1692k(a)(2)(A)*;

(c) That the Court award costs and reasonable attorney's fees pursuant to *15 U.S.C. § 1692k(a)(3)*; and

(d) That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,	Benjamin Nazmiyal Law Group, P.C.
	Attorneys for Plaintiff
	Leonardo Leon
	By: _____
	Aryeh Pomerantz
	May 21, 2012

Rule 4:51-1 Certification

The undersigned attorneys for the plaintiff certify that the matter in controversy is not the subject of any other action pending in any Court or a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I certify that confidential person identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7b.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: May 21, 2012	Signature: _____
	Aryeh Pomerantz

Benjamin Nazmiyal Law Group, P.C.
209 Main Street,
Fort Lee, NJ, 07024
(201) 379-5507 – Telephone
(201) 849-5407 – Facsimile

## Out of State Certification

Aryeh Pomerantz, of full age, hereby certifies as follows:

1. Defendant Financial Recovery Services, Inc is located at 4900 Viking Drive, Edina, MN 55435

2. Financial Recovery Services, Inc does not have an address in New Jersey, but is subject to jurisdiction in New Jersey since it does business in the State.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date. _____5/22/12_____ Signature: _____

